Joseph Panvini (028359)
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-612-5016
Fax: 602-218-4447
joe.panvini@mccarthylawyer.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle DeVaul, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| American First Finance, LLC; and TransUnion, LLC, | |
| Defendants. | |

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Maricopa County, Arizona.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant American First Finance, LLC ("AFF") is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant TransUnion, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. In or about November 2022, Plaintiff became a victim of identity theft.

10. Plaintiff's personal information was used without her knowledge to open a credit account with AFF in her name without her authorization.

11. In or about January 2023, Plaintiff discovered that AFF was reporting the unauthorized account on her TransUnion credit report.

12. At that time, Plaintiff called and spoke with AFF in effort to dispute the account and attempt to correct their records.

13. However, AFF refused to acknowledge that the account was established as a result of identity theft or fraud, and continued to report the account on Plaintiff's credit report.

14. The false information regarding the account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

15. TransUnion published the false information regarding the account to third parties.

16. Plaintiff was denied credit and was not able to purchase a home as a result of AFF and TransUnion's inaccurate reporting.

### WRITTEN DISPUTE

17. On or about February 1, 2023, and March 1, 2023, Plaintiff sent a written letter to TransUnion disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report.

18. Upon information and belief, TransUnion forwarded Plaintiff's disputes to AFF for reinvestigation.

19. Upon information and belief, AFF received notification of Plaintiff's disputes from TransUnion.

20. AFF failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

21. TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

22. AFF failed to instruct TransUnion to correct the false information reporting on Plaintiff's consumer report.

23. TransUnion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

24. TransUnion employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

25. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

### COUNT I – AFF

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

26. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

27. After receiving Plaintiff's dispute, AFF failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

28. AFF violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

29. As a result of this conduct, action, and inaction of AFF, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

30. AFF's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

31. In the alternative, AFF was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

32. Plaintiff is entitled to recover costs and attorneys' fees from AFF pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

33. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

34. After receiving Plaintiff's dispute, TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

35. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

36. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37. The conduct, action, and inaction of TransUnion was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

38. In the alternative, TransUnion was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

39. Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

40. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

41. After receiving Plaintiff's dispute, TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

42. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

43. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. The conduct, action, and inaction of TransUnion was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

45. In the alternative, TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: June 6, 2023

<u>/s/ Joseph Panvini</u>  
Joseph Panvini (028359)  
McCarthy Law, PLC  
4250 North Drinkwater Blvd, Suite 320  
Scottsdale, AZ  85251  
Telephone: (602) 612-5016  
Fax: (602) 218-4447  
joe.panvini@mccarthylawyer.com  
Attorney for Plaintiff